UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN E. BOHON,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF STANWOOD, et al.,<br><br>            Defendants. | CASE NO. C07-1505RSM<br><br>ORDER ON PENDING MOTIONS |

     This matter is before the Court for consideration of defendants' motion to compel discovery. Dkt. # 13. Having considered the motion, plaintiff's response, and defendants' reply, the Court now finds and rules as follows:

     (1) Plaintiff Warren Bohon, initially appearing *pro se*, filed this employment discrimination case pursuant to state and federal law. After defendants filed this motion to compel discovery, counsel appeared on behalf of plaintiff. Dkt. # 15. In responding to the motion to compel, plaintiff did not oppose the motion on the merits, but instead moved for voluntary dismissal of the complaint. Dkt. # 16. Counsel stated that he had determined that plaintiff had not completed all prerequisites to suit on the state law claims, and asked that the suit be dismissed without prejudice so that he could file the appropriate Notice of Claim with the City of Stanwood. Declaration of James Pautler, Dkt. # 17.

     (2) In reply, defendants assert that dismissal without prejudice would be inappropriate, as plaintiff

ORDER ON PENDING MOTIONS - 1

has not been diligent in prosecuting this action, and they have incurred substantial legal expenses trying to obtain discovery.  Defendants ask that the action either be dismissed with prejudice, or that conditions be set upon a dismissal without prejudice, such as an award of attorney's fees and expenses.

(3) Rule 41, addressing dismissal of actions, states in relevant part,

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the court states otherwise, a dismissal under this paragraph (2) is without prejudice.

F.R.Civ.Proc. 41(a)(2).

(4) Turning first to the motion to compel, the Court finds that plaintiff has not presented any opposition to the substance of the motion.  Defendants, on the other hand, have demonstrated good cause for granting the motion, in that plaintiff's responses to the interrogatories are incomplete, and plaintiff has failed to demonstrate good faith compliance with his duty to appear at deposition.  Defendants have also satisfied the requirement that they confer with plaintiff in an effort to resolve the discovery dispute without Court intervention.  Declaration of Jayne Freeman, Dkt. # 14, ¶¶ 8-13.  Accordingly, defendants' motion to compel discovery shall be GRANTED.

(5) Pursuant to Rule 37, upon the granting of their motion to compel, defendants are entitled to an award of expenses incurred in bringing the motion, including attorney's fees, unless plaintiff can demonstrate circumstances that would render such award unjust..  F.R.Civ.Proc. 37(a)(5)(A). Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE, on or before June 6, 2008, why he should not pay to defendants the sum of $1320.60[1] as defendants' reasonable expenses in bringing the motion to compel.

(6) Turning now to plaintiff's motion for voluntary dismissal, the Court finds it proper to grant dismissal without prejudice conditioned upon the payment of defendants' expenses as set forth in ¶ 5. Such terms are warranted because plaintiff's failure to provide complete responses to interrogatories, and other dilatory tactics, necessitated defendants' motion to compel.  Although plaintiff was *pro se* at that

---

[1] This represents the 4.4 hours counsel spent preparing and filing the motion to compel, together with 1.8 hours spent "reviewing and deciphering" plaintiff's discovery responses, for a total of 6.4 hours at the billed rate of $213 per hour. Supplemental Declaration of Jayne Freeman, Dkt. # 20, ¶ 5.

ORDER ON PENDING MOTIONS - 2

stage of the proceedings, defendants have demonstrated that he is not inexperienced at litigation.

(7) Accordingly, plaintiff's motion for voluntary dismissal is GRANTED. Such dismissal shall be **without prejudice** provided that, after the Court has reviewed plaintiff's response to the Order to Show Cause, plaintiff pays the required amount to defendants within the period set by the Court at that time.

Dated this 29th day of May, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PENDING MOTIONS - 3